# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **Case No. 3:06-cr-00445-BR** |
| **Plaintiff,** | |
| **vs.** | **ORDER FOR CONDITIONAL RELEASE** |
| **JOSEPH KELLY BANKS,** | |
| **Defendant.** | |

On October 3, 2007, Defendant Joseph Kelly Banks was found Not Guilty by Reason of Insanity on an indictment alleging Felon in Possession of a Firearm. Since November 18, 2011, Mr. Banks has been committed to the custody of the Attorney General for treatment and care pursuant to 18 U.S.C. § 4243(e). In a Risk Assessment Report prepared by the Federal Medical Center, Butner, North Carolina, the forensic staff opined that the Defendant is suitable for a conditional release pursuant to 18 U.S.C. § 4243(f)(2).

As evidenced by the Annual Forensic Update, dated June 30, 2020, previously provided to the Court, Defendant's treatment team believes that his mental condition has improved to the extent that he is now stabilized on a regimen of psychotropic medication. It is the clinicians' opinion that Defendant no longer requires inpatient psychiatric care and has sufficiently recovered from his mental illness, so that his release under a prescribed regimen of medical, psychiatric or

PAGE 1.   ORDER FOR CONDITIONAL RELEASE

psychological treatment would no longer create a substantial risk of bodily injury to another person or serious damage to the property of another.

## CONDITIONS OF RELEASE PURSUANT TO TITLE 18 U.S.C. § 4243(f)(20

It is therefore ORDERED that Defendant be released subject to the following conditions:

1. The Defendant shall be supervised by the United States Probation Office for the District of Oregon. The Defendant will receive instructions from the Court or Probation Officer about how and when to report to the Probation Office, and the Defendant shall report to the Probation Office as instructed.

2. The Defendant shall reside in and satisfactorily participate in a community corrections center to include a pre-release component if determined appropriate by the Residential Reentry Center Manager and the U.S. Probation Office, for not more than 180 days, to be released at the direction of the Probation Officer. The Defendant must follow the rules and regulations of the center. Defendant shall participate in medication management, case management, and treatment recommendations made by the Probation Officer or mental health staff.

3. The Defendant shall allow the Probation Officer to visit him at any time at the RRC or elsewhere, and the Defendant shall permit the Probation Officer to take any items prohibited by the conditions of the Defendant's supervision that he or she observes in plain view.

4. The Defendant shall participate in a mental health treatment program as directed and maintain any prescribed medications, including: following all rules, regulations, and instructions of any treatment staff and complying with the treatment regimen recommended by his treatment providers; continue to take any

PAGE 2.  ORDER FOR CONDITIONAL RELEASE

medication, including injectable units, prescribed by a qualified psychiatrist or physician until directed to cease such medication by a qualified psychiatrist or physician. This may include daily medication dispensing and monitoring. The Defendant shall comply with medication monitoring and dispensing, as directed, until such time as it is deemed to no longer be necessary by the U.S. Probation Officer in consultation with the Defendant's treating psychiatrist.

5.  The Defendant shall participate in a substance abuse treatment program, which may include drug testing and inpatient or outpatient treatment, as directed by his treatment provider or U.S. Probation Officer. The Defendant shall follow all rules, regulations, and instructions of any treatment staff and attend treatment as directed. The Defendant shall not discontinue treatment without the permission of the Probation Officer.

6.  The Defendant shall voluntarily admit himself into a hospital for treatment upon the recommendation of the medical provider or his Probation Officer. If local or state facilities are unable to ensure the safety of others, his Probation Officer shall contact the Court for further instructions regarding the Defendant's possible return to federal custody (preferably FMC Butner, North Carolina).

7.  The Defendant shall sign all release of information documents that are required by any professional providing treatment and/or medical services. The Defendant will waive his right to confidentiality regarding his mental health treatment in order to allow sharing of clinical information with the U.S. Probation Officer, U.S. Attorney's Office, and the Federal Bureau of Prisons officials, who will monitor the Defendant's continued appropriateness for community placement.

PAGE 3.   ORDER FOR CONDITIONAL RELEASE

8.  The Defendant shall submit his or her person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition. The Defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. Failure to submit to a search may be grounds for revocation of release.

9.  The Defendant shall refrain from any use or possession of alcohol and/or other intoxicants including over the counter medications used contrary to the recommended dosage, or the intentional inhalation of any substance, prescribed or otherwise, without the permission of the Probation Officer. Additionally, the Defendant shall not enter establishments whose primary income is derived from the sale of alcohol.

10. The Defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (*i.e.* anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or taser). This includes imitation firearms or other weapons.

11. The Defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

12.  The Defendant shall refrain from any unlawful use or possession of a controlled substance and shall submit to drug and alcohol testing as directed by the Probation Officer.

13.  The Defendant shall not write, say, or communicate threats.

14.  The Defendant shall not commit a federal, state, or local crime. The Defendant shall notify his U.S. Probation Officer within 24 hours if he is arrested or questioned by any law enforcement officer.

15.  The Defendant shall not communicate or interact with someone the Defendant knows is engaged in criminal activity. If the Defendant knows someone has been convicted of a felony, the Defendant shall not knowingly communicate or interact with that person without first getting the permission of the Probation Officer.

16.  The Defendant shall establish a representative payee for his Social Security benefits. If any changes in representative payee status are required, his U.S. Probation Officer should be notified.

17.  Pursuant to 18 U.S.C. § 4247(e), the U.S. Probation Officer shall file annual reports with the Court, and provide copies to the United States Attorney, Defendant's counsel, and the Warden of FMC Butner.

## OTHER TERMS OF CONDITIONAL RELEASE

Defendant's failure to adhere to any of the conditions of his release may result in his being taken into custody and brought before this Court for review of his suitability for conditional release.

It shall be the duty and responsibility of the medical provider to promptly notify the U. S. Probation Officer of any changes in the prescribed regimen of medical or psychiatric care,

PAGE 5.  ORDER FOR CONDITIONAL RELEASE

including any failure by Defendant to comply with medication or cooperate with the other requirements of the conditions listed above.

The medical provider or U. S. Probation Officer may at any time recommend modification or elimination of the regimen of medical, psychiatric or psychological care or treatment, upon certification to this Court that to do so would not create a substantial risk of bodily injury to another person or serious damage to the property of another. If a request to modify or terminate the conditions of release is made, the party so requesting shall submit a motion to this Court, with adequate documentation supporting the request, and provide copies to the U. S. Probation Officer, the office of the United States Attorney, Defendant's counsel, and the Warden of FCI-Medium Butner. Pursuant to 18 U.S.C. § 4247(e), the U. S. Probation Officer shall file annual reports with the Court, and provide copies to the United States Attorney, Defendant's counsel, and the Warden of FMC Butner.

If the Probation Officer determines that the Defendant poses a risk to another person (including an organization), the Probation Officer may, after obtaining Court approval, require the Defendant to notify that person about the risk and the Defendant shall comply with that instruction. The Probation Officer may contact the person and confirm that the Defendant has notified the person about the risk.

Upon receipt and verification of an Order of Conditional Release and prior to the actual date and time of release, the Bureau of Prisons shall notify the appropriate persons to schedule an arrival date, finalize the release paperwork, make transportation arrangements, arrange the initial appointment for mental health aftercare, and contact the assigned U.S. Probation Officer. The U.S. Probation Officer shall notify the Court of the actual release date from FMC Butner. The Bureau of Prisons shall release Defendant after all release arrangements are satisfactory and complete.

PAGE 6.  ORDER FOR CONDITIONAL RELEASE

IT IS FURTHER ORDERED that the Attorney General, or its representative, shall transport Defendant Joseph Kelly Banks to the Northwest Regional Reentry Center in Portland, Oregon, when a placement bed is available, as determined by the Probation Officer.

DATED this 18th day of February, 2021.

/s/ Anna J. Brown

_____
The Honorable Anna J. Brown
United States Senior District Judge

PRESENTED BY:

/s/ Gerald M. Needham
Gerald M. Needham
Assistant Federal Public Defender

/s/ Hannah Horsley
Hannah Horsley
Assistant United States Attorney

PAGE 7.  ORDER FOR CONDITIONAL RELEASE